ISRAEL JENKINS, PLAINTIFF IN ERROR, VS. THE STATE FLORIDA, DEFENDANT IN ERROR.

SUMMONING WITNESSES AT COST OF STATE SUBJECT TO LEGISLATIVE REGULATION.

1. Section 2868, Revised Statutes, prescribing the requisites to be complied with by parties charged with crime in applications for the procurement of witnesses for their defense at the cost of the State; *held,* to be a proper legislative regulation of the constitutional right, that "in all criminal prosecutions the accused shall have compulsory process for the attendance of witnesses in his favor." And, *Held further,* that when the cost of the procurement of such witnesses is initiatorily proposed to be thrown upon the State, a sound judicial discretion is reposed in the trial judge to decide as to whether the statutory requisites have been properly complied with, and as to the *bona fides* of the application.

2. Applications under Section 2868, Revised Statutes, for the procurement of witnesses, at the cost of the State, for the defense of parties charged with crime, should be seasonably made at the earliest reasonable opportunity, and not withheld until the cause is actually called for trial.

Writ of error to the Circuit Court for Leon county.

The facts in the case are stated in the opinion of the court.

*Stephen C. Miller*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

TAYLOR, J. :

Israel Jenkins, the plaintiff in error, at the Fall term, 1892, of the Circuit Court for Leon county. was indicted, tried and convicted of the crime of breaking and entering a certain gin or mill house in the night time with intent to commit felonious larceny therein. From this judgment of conviction he brings the case here by writ of error. At the same term of the same Circuit Court, the same defendant was indicted, tried and convicted upon the same testimony developed in this case, of the crime of burning the same mill or gin house on the same date after he had burglariously broken, entered and committed the larceny therefrom of which he was convicted in the present case. From that conviction he also took writ of error to this court. We have disposed of that case at the present term. In that case, upon the same facts, and surrounded by the

same circumstances, we have disposed of every objection and assignment of error presented in this case, except one, and that one we will proceed to dispose of. The indictment was presented in open court by the grand jury on the 29th of November, 1892. On the 2nd day of December, 1892, the defendant made the following affidavit before the clerk of the court:

"Before the subscriber, C. A. Bryan, Clerk Ct. Court, personally came Israel Jenkins, who being duly sworn, deposes and says, he is charged with breaking and entering in the night time to commit a felony, and that he is totally insolvent and unable to pay the costs of his defense, or of procuring the attendance of witnesses, and that John Miles, Jr., is a witness and will testify that [he] was at a store when he was present and with the defendant aforesaid the night alleged in the indictment the breaking and entering took place, to-wit: Oct. 14th, 1892, between the hours of sunset and sunrise, and will testify that the defendant was over a mile from the building alleged to have been broken and entered and not there at the alleged time in the indictment, and each and all of these witnesses are necessary to his defense, and that he can not procure their attendance without subpœna."

The case was not called for trial and the trial was not gone into until three days after this affidavit was made and sworn to, the trial being commenced on the 5th of December, 1892. When the case was called for trial on the latter date the defendant for the first time produced this affidavit to the court and then, for

the first time, upon it made application to the court to have the absent witness subpœnaed. The court below refused to have the alleged absent witness subpœnaed at the expense of the State, assigning as his reason therefor that he was not satisfied that said witness was a material witness for defendant or would swear to material facts for the defense. This ruling is assigned as error in this case. While Section 11 of our constitutional Declaration of Rights emphatically declares that "In all criminal prosecutions the accused shall have compulsory process for the attendance of witnesses in his favor," still we do not understand that there is anything in this general provision of the fundamental law, that prohibits wholesome legislative regulation in the matter of procuring the attendance of witnesses by parties charged with crime, when, as in this case, it is proposed to throw upon the State the burden of the cost and expense to be incurred therein. Neither do we understand that this constitutional provision was designed to give to parties charged with crime *carte blanche* right, at the cost of the State, to have any and all parties whom they may choose to represent to be *witnesses* in their favor, summoned *ad libitum* without let or hindrance. To put such a construction of the organic law into actual practice would soon suffice to deplete the combined treasuries of the world. Our Legislature, as it has the right to do within wholesome and reasonable bounds, has thrown around the subject, in Section 2868, Revised Statutes, certain regulations and restric-

tions prudently designed to protect the coffers of the State from imposition, and at the same time insuring to the accused the full measure of his constitutional right.   These legislative regulations are, that when the accused is insolvent and unable to pay the costs of his defense, or of procuring the attendance of his witnesses, he must make the fact of such insolvency apparent to the satisfaction of the court, by affidavit, in which affidavit he must also name his witnesses, and state therein what he expects to prove by each, and that he can not procure their attendance without subpœna.   The judge, if satisfied of the good faith and truth of such affidavit, is then required, at the cost of the State, to order the witnesses subpœnaed, limiting the number to two for the proof of any one fact.   We discover nothing in these provisions but wholesome, wise and proper regulation, and a proper lodgment with the trial courts of a sound discretion over the subject that it is highly necessary should have been reposed somewhere; and, as we think wisely reposed in the trial judge who occupies a peculiarly advantageous position to prevent abuse or curtailment of the right.

For the proper dispatch of the public business of our courts, we think that it is contemplated also that these applications by parties accused of crime shall be seasonably made.   The party accused should not be permitted unnecessarily to delay the dispatch of public business before the courts by delaying from day to day before presenting his application for the procurement of his witnesses, until his case is actually called for trial, but it should be promptly made at the earliest

reasonable opportunity, in order that the witnesses may be served and their attendance procured before the party's case is called for trial in its order. In this case the defendant's affidavit, on which he predicated the application for the summoning of his absent witness, was prepared and sworn to by him three days before his trial was called; and yet he did not present it to the court until the actual call for trial. From this fact alone the court below was justified in viewing the application with suspicion as to its *bona fides*. The facts expected to be proved by the witness, too, strike us as being evasively set out in the affidavit presented. The reliance of the defendant, as disclosed by his affidavit, was to establish an *alibi* by the absent witness, yet the affidavit fails to show that the absent witness could or would prove the defendant's presence elsewhere during the entire time or at the precise time that the crime charged was or could have been committed. We do not think there was any such abuse of sound discretion in the refusal of the court below to have the defendant's witness subpœnaed at the cost of the State, under all the circumstances attending the defendant's application therefor, as we would be justified in declaring to be error.

As all the other assignments of error in this case have been already discussed and disposed of in the other case of the defendant above referred to, and disposed of adversely to him, the judgment of the court below herein is affirmed.